Filed 1/9/14  In re Angelina T. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re ANGELINA T., a Person Coming Under the Juvenile Court Law. | |
| | D064294 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ13305) |
| v. | |
| STACIE T., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael Imhoff, Commissioner.  Affirmed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

Stacie T. appeals a juvenile court order denying her Welfare and Institutions Code[1] section 388 petition for modification seeking unsupervised visits and conjoint therapy with her minor daughter, Angelina T. Stacie contends she showed her circumstances had changed and the proposed modification was in Angelina's best interests. We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2006, one-month-old Angelina became a dependent of the juvenile court under section 300, subdivision (b), and was removed from parental custody based on findings Stacie's mental illness and other cognitive limitations prevented her from providing regular care for Angelina.[2] The court placed Angelina in foster care and ordered reunification services for Stacie.

During the next 12 months, Stacie participated in services and was authorized to have unsupervised visits with Angelina. Stacie's therapist recommended overnight visitation, but Angelina's foster mother expressed some concerns about Angelina's welfare and safety during unsupervised visits.

In September 2007, the San Diego County Health and Human Services Agency (Agency) filed a section 388 petition for modification, asking the court to order supervised visits between Stacie and Angelina. Agency's petition alleged Stacie allowed

---

1      Statutory references are to the Welfare and Institutions Code.

2      Stacie had a history of parental neglect and had been unable to provide regular care for her three older children because of her developmental disability. Her parental rights to those children had been terminated.

2

Angelina to be in the company of people who had not been approved by Agency; Stacie's roommate reported Stacie was using drugs; Stacie had asked the roommate to lie for her in court; and Stacie threatened suicide. The court granted the petition and reinstated supervised visits. At an 18-month hearing, the court terminated Stacie's services and set a hearing under section 366.26 to select and implement a permanent plan for Angelina.

Agency assessed Angelina as a happy, healthy two-year-old. She had been living with the same caregiver for more than a year. Stacie was regularly visiting Angelina, but the social worker continued to have concerns about Stacie's poor judgment. Stacie discontinued in-home parenting training because she believed it was a waste of her time. Nevertheless, she was loving with Angelina, and they enjoyed their time together. The caregiver was interested in guardianship so she could continue to educate and support Stacie in reaching her fullest parenting potential. At a selection and implementation hearing, the court ordered guardianship as Angelina's permanent plan.

Four years later, Stacie filed a section 388 petition, seeking to have Angelina removed from her guardian and placed with a family friend, or, alternatively, to have Angelina placed in her care with services. The court ordered a hearing on the petition.

Agency recommended the court deny Stacie's modification request and, instead, requested a selection and implementation hearing to reconsider Angelina's permanent plan. Stacie had not participated in services since the dependency case was closed, and she had not visited Angelina in four months. At their last visit, Angelina did not want to come near Stacie, which Stacie attributed to the guardian's manipulation of Angelina. The guardian reported Angelina was frightened when Stacie came to her home. One

time, when Angelina saw Stacie's car approach, she ran into the house and hid under a table. Angelina said she cried when she visited Stacie because she missed her grandma, referring to the guardian.

The social worker noted Stacie had participated in therapy only sporadically since 2008. Stacie had mood swings and did not deal well with conflict. She had visited Angelina only eight times in the past two and a half years. Angelina said she would cry or be sad if she had to live with Stacie, and asked to stay with her guardian, who now wanted to adopt her. The court denied, without prejudice, Stacie's request to remove Angelina from her guardian and place her with a family friend, or, alternatively, to have Angelina placed in her care.

Agency filed a section 388 petition, asking the court to set aside its guardianship order and set a selection and implementation hearing to reassess the most appropriate permanent plan for Angelina. Stacie filed a section 388 petition, again asking the court to dissolve the guardianship and place Angelina with her or with family friends. The court denied Stacie's request for placement of Angelina, but granted an evidentiary hearing on the other issues raised in both petitions.

The social worker summarized her observations of visits between Stacie and Angelina from August to October 2012. Stacie was 25 minutes late for one visit and greeted Angelina with hugs and kisses. Angelina seemed hesitant, but accepted the affection. Angelina had no difficulty separating from Stacie when the visit ended. Angelina did not want to go to the next visit, but the social worker convinced her to go. During other visits, Stacie brought art supplies so she and Angelina could participate in

an activity together. Angelina was always polite but did not show an emotional connection to Stacie, and did not reciprocate statements of affection. Angelina began to experience anxiety as a result of the strained relationship between Stacie and the guardian.

At a hearing on the section 388 petitions, the court denied Stacie's request to terminate the guardianship and ordered visits to remain supervised by someone other than the guardian. The court granted Agency's request to set a section 366.26 selection and implementation hearing.

In February 2013, Daniel Wright, Ph.D., completed a psychological evaluation of Angelina. He noted the relationship between Stacie and the guardian had deteriorated in February 2012, and no visits with Angelina occurred for six months. In August 2012, Stacie resumed having supervised visits. Angelina reported she was afraid whenever the guardian was away. She told Dr. Wright that she no longer wanted to visit Stacie. Instead, she wanted to stay home, be with her family, and live with the guardian forever.

In Dr. Wright's opinion, Angelina would experience no or very limited distress if visits with Stacie were terminated. Angelina was a well-adjusted child whose level of emotional functioning was within normal limits. She had developed a strong bond with the guardian. Dr. Wright believed there was some risk to Angelina's emotional development if the conflict between Stacie and the guardian continued. He also said Angelina would have extreme difficulty if she were removed from the guardian's care.

Stacie filed another section 388 petition, seeking to have Angelina placed with her, or, alternatively, to have unsupervised visits and/or conjoint therapy with Angelina. The court ordered an evidentiary hearing on the petition.

In an assessment report, social worker Lisa Olimpio recommended adoption as Angelina's permanent plan. At the beginning of visits observed by Olimpio, Angelina did not greet Stacie until asked to do so. At the end of visits, Angelina was excited to see the guardian and ran to her. She continued to tell the guardian, the visitation monitor, Olimpio and Dr. Wright that she no longer wanted to visit Stacie. When asked if she would be sad if she never saw Stacie again, Angelina said no. In Olimpio's opinion, it would not be detrimental to Angelina to terminate parental rights.

The guardian had parented seven-year-old Angelina for six years and loved her as her own child. She had been able to meet Angelina's needs. The guardian had submitted all the necessary paperwork to adopt Angelina and was likely to be approved.

The court held a hearing on Stacie's section 388 petition followed by a selection and implementation hearing. Stacie testified she had regularly visited Angelina. After Angelina warmed up to her, she seemed to have a good time. When visits ended, they hugged and kissed goodbye. Stacie believed she and Angelina had a bond. She wanted to spend more time with her so that Angelina would have a better understanding of their relationship. Stacie wanted Angelina removed from the guardian because she was an inappropriate caregiver who manipulated Angelina.

After considering the evidence and arguments of counsel, the court denied Stacie's section 388 petition. The court found Angelina was likely to be adopted and none of the

6

statutory exceptions to adoption applied. The court terminated parental rights and referred Angelina for adoptive placement.

DISCUSSION

Stacie contends the court erred by denying her section 388 modification petition seeking unsupervised visits and conjoint therapy with Angelina. Stacie asserts the evidence showed she made significant, positive changes necessary to eliminate any risk of harm to Angelina. She further asserts the evidence showed the proposed modification was in Angelina's best interests because it would allow them to reestablish their strong bond in an effort to reunify.

A

Under section 388, a party may petition the court to change, modify or set aside a previous court order. The petitioning party has the burden of showing, by a preponderance of the evidence, there is a change of circumstances or new evidence, and the proposed change is in the child's best interests. (§ 388; *In re Jasmon O.* (1994) 8 Cal.4th 398, 415-416.) Whether a previous court order should be modified and a change would be in the child's best interests are questions within the sound discretion of the juvenile court. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318; *In re Casey D.* (1999) 70 Cal.App.4th 38, 47.) The order will not be disturbed on appeal unless the court has exceeded the limits of legal discretion by making an arbitrary, capricious or patently absurd determination. When two or more inferences reasonably can be deduced from the facts, we have no authority to reweigh the evidence or substitute our decision for that of the juvenile court. (*In re Stephanie M.*, at pp. 318-319.) In ruling on a modification

7

petition, the court may consider the entire factual and procedural history of the case. (*In re Justice P.* (2004) 123 Cal.App.4th 181, 189.)

B

Here, the court found Stacie's circumstances had changed because she continued to participate in counseling and was pursuing her education. The court further found, however, Stacie did not meet her burden of showing unsupervised visits and conjoint therapy would be in Angelina's best interests.

The evidence showed Stacie was unable to reunify with Angelina after receiving 18 months of services. Visits had to be supervised because of concerns about Stacie's poor judgment. Angelina had no emotional connection to Stacie and no problem separating from her after visits. She consistently and repeatedly told everyone she did not want visits to continue, and she wanted to stay forever with her guardian, who had parented her most of her life. According to the social worker, Angelina derived her sense of safety and security from her placement with the guardian, and not from Stacie.

Although Stacie would like to further strengthen her parental bond with Angelina through unsupervised visits and conjoint therapy, "[t]he presumption favoring natural parents by itself does not satisfy the best interests prong of section 388." (*In re Justice P.*, *supra*, 123 Cal.App.4th at p. 192.) The court could reasonably find that ordering further visitation and services for Stacie in an effort to preserve the family would postpone stability for Angelina, and would not be in her best interests compared to the certainty of a permanent adoptive home. (See *In re Angel B.* (2002) 97 Cal.App.4th 454, 464.) The proper focus of this case was on Angelina's need for stability and

8

permanency, regardless of Stacie's interest in reunification.  (*In re Stephanie M.*, *supra*, 7 Cal.4th at p. 317; *In re Brittany K.* (2005) 127 Cal.App.4th 1497, 1507.)  The court did not abuse its discretion by denying Stacie's section 388 modification petition.

DISPOSITION

The order is affirmed.

McDONALD, J.

WE CONCUR:


HALLER, Acting P.J.


McINTYRE, J.

9